488 So.2d 106 (1986)
James Horace HIGHTOWER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-453.
District Court of Appeal of Florida, Fifth District.
April 24, 1986.
James B. Gibson, Public Defender, and Nancye Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Pursuant to the appellant's motion for rehearing in accordance with Florida Rule of Appellate Procedure 9.331(c), we have considered this case en banc. We vacate our prior per curiam panel decision filed herein on January 2, 1986, and substitute therefor the following opinion:
In this case the defendant, Hightower, was indicted for sexual battery of a child of six pursuant to section 794.011(2), Florida Statutes (1983).[1] At trial the defendant specifically objected to an instruction and verdict form on lewd and lascivious conduct *107 pursuant to section 800.04, Florida Statutes (1983),[2] as a lesser included offense. The defendant pointed out that lewd and lascivious conduct was not listed in the Schedule of Lesser Included Offenses, Florida Standard Jury Instructions in Criminal Cases (1981 ed.), as either a category one (necessary) or category two (permissive) lesser offense of sexual battery under section 794.011(2). Case law is abundantly clear that lewd and lascivious conduct in section 800.04, as the statute read prior to its amendment in 1984,[3] was not a necessarily lesser included offense of sexual battery (formerly rape) committed against a child of eleven or younger. See Ray v. State, 403 So.2d 956 (Fla. 1981); State v. Sumner, 157 Fla. 371, 26 So.2d 336 (1946); Walker v. State, 464 So.2d 1325 (Fla. 5th DCA 1985); Harrielson v. State, 441 So.2d 691 (Fla. 5th DCA 1983). Nevertheless, the trial court instructed on section 800.04 and, as fate would have it, the jury convicted of that offense.
On appeal, Hightower contends he cannot be convicted of an offense with which he was not charged. The state argues that the legislature intended lewd and lascivious conduct to be a necessarily lesser included offense of sexual battery, as shown by the amendment to section 800.04 in 1984, which was prompted by the opinion of the Third District Court of Appeal in Lanier v. State, 443 So.2d 178 (Fla. 3d DCA 1983). The preamble to that amendment, Chapter 84-86, Laws of Florida, provides:
WHEREAS, the District Court of Appeal, Third District, held in the case of Lanier v. State, 443 So.2d 178 (Fla. 3d DCA 1983) that the statute prohibiting lewd and lascivious conduct with children under the age of 14 years did not prohibit acts of sexual intercourse between an adult and an unchaste, consenting child, and
WHEREAS, the District Court of Appeal additionally took the view that, where the victim is younger than 14 years of age but not younger than 12 years of age, the victim's consent was a defense to the crime of lewd and lascivious handling, fondling, or assault of a child, and WHEREAS, the intent of the Legislature was and remains to prohibit lewd and lascivious acts upon children, including sexual intercourse and other acts defined as sexual battery, without regard either to the victim's consent or the victim's prior chastity, ...
The Lanier case was reviewed by the Florida Supreme Court, via a certified question, in State v. Lanier, 464 So.2d 1192 (Fla. 1985). Therein, the Florida Supreme Court held that a defendant charged with unlawfully handling, fondling or assaulting a twelve-year-old girl by "engaging in sexual intercourse" could be convicted of violating section 800.04, Florida Statutes (1981), even where the facts reveal lack of chastity and consent. The 1981 statute and the 1983 statute are the same. The court said:
We must apply section 800.04 as it existed at the time the allegedly lewd and lascivious acts occurred, prior to the enactment of the amendment. Further, we are not bound by statements of legislative intent uttered subsequent to either the enactment of a statute or the actions which allegedly violate the statute. However, we will show great deference to such statements, especially in a case such as this, when the enactment of an *108 amendment to a statute is passed merely to clarify existing law. Cf. Williams v. Hartford Accident & Indemnity Co., 382 So.2d 1216, 1220 (Fla. 1980). (An amendment to a statute clarifying the scope of underinsured motorist insurance coverage did not alter the scope of such coverage as it existed prior to the enactment of the amendment because the amendment merely served to clarify the extent of coverage as it previously existed.)
Therefore, we hold that section 800.04 both prior to and subsequent to the 1984 amendment is violated when a male engages in sexual intercourse with a twelve-year-old girl despite the fact that the victim was previously unchaste and the sexual intercourse was consensual.
Id. at 1193.
The Lanier opinion deals with consensual intercourse with an unchaste twelve-year-old, and holds that such intercourse  which was not a sexual battery under extant statutes  could constitute lewd handling or fondling under section 800.04, even before the 1984 amendment. But the fallacy of the state's argument in the instant case is that such intercourse with a child under twelve would constitute sexual battery  and, therefore, by definition, could not be lewd and lascivious conduct under section 800.04. The Lanier opinion does not recede from Ray or Sumner.
For the foregoing reasons, it is clear that the state's argument in regard to a necessarily lesser included offense must fail. Nor can the state sustain the conviction as one for a "permissive lesser offense." That concept is an aberration of law peculiar to the State of Florida which has caused enormous confusion[4] and was incepted by an analysis of lesser offenses and jury instructions in Brown v. State, 206 So.2d 377 (Fla. 1968). In an opinion by Justice Thornal, the court undertook to define applicable rules for the guidance of Florida courts in respect to lesser included offenses. The court first noted that, pursuant to statutory law, crimes were divisible into four categories or situations with distinguishing characteristics:
(1) Crimes divisible into degrees.
(2) Attempts to commit offenses.
(3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. (Emphasis in original.)
Id. at 381.
After discussing the first three categories, the opinion then analyzed "offenses which may be included," the fourth category:
(4) OFFENSES WHICH MAY BE INCLUDED. Section 919.16, makes provision for offenses which are necessarily included in the offense charged. It is applicable to that group of offenses which includes lesser offenses as essential elements. This suggests a further type of "lesser included" situation.[[5]] This fourth category comprehends those offenses which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial. In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense.
For example, if a person were charged with "assault with intent to commit robbery", it could not be held as a matter of *109 law (under category (3) above) that "aggravated assault" was a necessarily included lesser offense, although simple assault obviously would be. On the other hand, if the information charged "assault with a deadly weapon with intent to commit robbery", then "aggravated assault"  assault with a deadly weapon  would be a lesser included offense. An instruction should then be given if use of a deadly weapon was established by the proof. If such proof were lacking, the "aggravated assault" instruction should not be given, although the case could still go to the jury on the main charge of "assault with intent to commit robbery".
Here, we note the distinction between category (3) and category (4). In the former the lesser offense is an essential ingredient of the major crime charged. In the latter, it may or may not be depending upon the particular allegations of the accusatory pleading and the proofs tendered in support thereof. (Emphasis in original.)
Id. at 383.
Utilizing the Brown category four analysis, we look first to the accusatory pleading. The indictment in this case charged that Hightower committed sexual battery "by penetrating or having union with the vagina of [victim] or by injuring the sexual organ of [victim] with his sexual organ, in an attempt to penetrate or have union with the vagina of [victim]." Pursuant to Ray and Sumner, that language does not include the statutory elements of an offense under section 800.04. Therefore, it cannot be a permissive lesser included offense, and, indeed, the state's appellate brief does not contend that it is. For that matter, it is arguable that the amendment in 1983 of section 775.021(4), Florida Statutes,[6] which recognizes the Blockburger[7] test, has legislatively abolished the artificial and confusing concept of permissive lesser included offenses. See the concurring opinion of Justice Shaw in Green v. State, 475 So.2d 235 (Fla. 1985). In Green, Justice Shaw wrote:
Under section 775.021(4) offenses are either separate or lesser included, based on the statutory elements. There can be no so-called permissive lesser included offenses based on the accusatory pleadings or proof adduced at trial. (Footnote omitted.) (Emphasis in original.)
Id. at 238.
For the foregoing reasons, the offense of lewd and lascivious conduct which was submitted to the jury in this case could not be a lesser included offense, and it was error for the trial court to submit instructions and a verdict form to the jury in regard to that offense. Accordingly, the conviction is
REVERSED.
COBB, C.J., and DAUKSCH and ORFINGER, JJ., concur.
COWART, J., concurs specially with opinion.
SHARP, J., dissents with opinion in which UPCHURCH, J., concurs.
COWART, Judge, concurring specially:
The defendant in this case was charged with sexual battery (§ 794.011(2), Fla. Stat.) and convicted of handling, fondling, or assaulting a child in a lewd, lascivious, or indecent manner or of committing a lewd act in the presence of a child (§ 800.04, Fla. Stat. (1983)). Not only does section 800.04, Florida Statutes (1983), contain an express negative element eliminating the described acts when done with the intent to commit sexual battery, but, as the terms of *110 these statutes are statutorily defined, one can commit a sexual battery without violating section 800.04, Florida Statutes (1983). Therefore, the defendant was convicted of an act and crime with which he was not charged in violation of due process clauses of the state and federal constitutions. This problem is considered at length in the dissent to Torrence v. State, 440 So.2d 392, 396 (Fla. 5th DCA 1983). See also Hamilton v. State, 129 Fla. 219, 176 So. 89, 112 ALR 1013 (1937); S.N. v. State, 463 So.2d 343 (Fla. 5th DCA 1985); Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981), quashed on other grounds, 435 So.2d 816 (Fla. 1983).
Section 775.021(4), Florida Statutes, which abolished the "single transaction rule," unfortunately does not abolish the concept of permissive lesser included offenses. The single transaction rule was a practice that grew up in the criminal courts to the effect that when a defendant was tried and convicted of multiple crimes that occurred during one criminal transaction or episode, he was not sentenced for each such crime but only for the one crime with the greatest authorized maximum punishment. The rule applied notwithstanding that the multiple convictions related to offenses which were legally and substantively separate and different and therefore not within the constitutional double jeopardy prohibition. Because, under this rule, the defendant received but one sentence and no additional punishment for multiple convictions, prosecuting attorneys adopted the practice of charging only the greater offense but also alleging, in the same count, facts occurring during the same criminal episode which, while not essential to the greater charge, supported other "lesser" offenses. Such "permissible lesser offenses" were related to the offense charged and each other only in that they were based on one of a series of related factual events (a single transaction or episode), but such offenses were legally separate and distinct because each had at least one element that the others did not have or because each related to a separate and distinct factual event. This practice of mixing two or more substantively different offenses in one count permitted the jury to convict a defendant of the one most serious charge arising out of the entire criminal episode of which the jury was convinced of guilt beyond a reasonable doubt. However, this practice also prevented a conviction as to all but one of several substantively different crimes of which the defendant might be guilty. Accordingly, the jury was made to automatically and unwittingly dispose of (acquit as to) the other lesser offenses without the prosecutor taking the responsibility for the result that the defendant was thus exonerated of some crimes for which he should have been found guilty and punished. Justice Thornal in Brown v. State, 206 So.2d 377 (Fla. 1968), did not originate the concept of permissive or possible lesser included offenses; that concept was an adjunct, and outgrowth, of the single transaction rule. Legally and substantively, whether two statutory offenses (as distinguished from two criminal charges alleging two substantively different factual events) are "the same offense" or separate and different offenses, has always depended on whether each statutory prohibition contains at least one element not required by the other offense. See Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982), aff'd in part, rev'd in part, 437 So.2d 1057 (Fla. 1983); Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), quashed, 456 So.2d 419 (Fla. 1984). By section 775.021(4), Florida Statutes, the legislature intended only to abolish the old "single transaction rule" by mandating that a separate sentence be imposed upon the conviction of each separate criminal offense. That statute does not address the practice (device) of charging substantively and legally different offenses in one count of a charging document thereby forcing the jury to acquit the defendant of all such "permissive lesser included offenses" charged except one. However, the statute does eliminate the "single transaction rule" which was the historic basis for the concept and practice of using "permissive lesser included offenses" and that practice should *111 be discontinued. This was previously noted in Baker, 425 So.2d at 50-57.
SHARP, Judge, dissenting.
Although Ray v. State, 403 So.2d 956 (Fla. 1981) holds that the offense of lewd and lascivious conduct[1] is not a necessarily lesser included offense of the sexual battery statute[2] with which Hightower was charged in this case, I think the Florida Supreme Court has receded from that holding in its more recent decision in State v. Lanier, 464 So.2d 1192 (Fla. 1985).
In Lanier, the court held that proof of sexual intercourse with a consenting twelve-year-old would justify a conviction under section 800.04, Florida Statutes (1983). In that case, rape was not established because the child was unchaste and had consented to the sexual battery. In this case there was no issue about consent or lack of chastity, as the victim was only six years old. Proof of at least sexual battery, if not rape,[3] was clear and found by the jury.
I can see nothing that materially distinguishes Lanier from this case. If a charge of violating section 800.04 (lewd and lascivious behavior) can be proved by the act of committing sexual intercourse with a child, even though the child consented, I see no reason why the indictment in this case, which alleged rape or sexual battery on a child (whether or not the child consented) is not also a sufficient basis to convict under section 800.04.
Technically, the elements of section 794.011(2) can be construed as different from or exclusive of the acts prohibited in section 800.04. A sexual battery or rape of a child is something different than "handling or fondling," and further, it is different than committing a lewd and lascivious act in the presence of the child, since rape or sexual battery is not only done in the child's presence, but to its person. These are very fine distinctions, the kind which give courts the reputation for being more caught up in legal abstraction than the plain meaning of words.
Section 800.04 was substantially revised in 1984, too late to be applicable in this case. But the revision makes clear not only that a child's lack of chastity or consent is no defense to this crime, but it also clearly provides that sexual battery as defined under section 794.011(1)(h) is a method by which the crime of section 800.04 may be committed.[4] The preamble to the revised statute was quoted in Lanier, as the basis for its holding. It states:
Whereas, the intent of the Legislature was and remains to prohibit lewd and lascivious acts upon children, including sexual intercourse and other acts defined as sexual battery... .
Lanier held that section 800.04 "both prior to and subsequent to the 1984 Amendment is violated when a male engages in sexual intercourse with a twelve-year-old girl... ." Id. at 1193.
Based on Lanier, I conclude that a violation of section 800.04 may be proved by establishing the sexual battery or rape of a child, and since the indictment in this case clearly alleged sexual battery or rape of this six year old victim, there was no error in instructing the jury on section 800.04 (a second degree felony) as a lesser included offense of the crime charged under section 794.011(2) (a capital felony).
UPCHURCH, J., concurs.
NOTES
[1] Section 794.011(2), Florida Statutes (1983), reads as follows:

(2) A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Section 800.04, Florida Statutes (1983), reads as follows:

Lewd, lascivious or indecent assault or act upon or in presence of child.  Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083 or s. 775.084.
[3] The instant offense occurred in December of 1983, prior to the effective date of the amendment to section 800.04 in 1984. Moreover, that amendment deals with consensual intercourse with an unchaste child of twelve  sixteen, as shown by the preamble thereto  a factual situation clearly inapplicable to prosecutions under section 794.011(2).
[4] See e.g., State v. Baker, 456 So.2d 419 (Fla. 1984).
[5] The genesis of the problem lies in the dubious premise that use of the term "necessarily included offense" in a statute implies the existence in legislative cognition of a new category of lesser offenses without essential elements of the higher offense.
[6] Section 775.021(4), Florida Statutes (1983), provides:

Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
[7] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[1] § 800.04, Fla. Stat. (1983).
[2] § 794.011(2), Fla. Stat. (1983).
[3] The testimony at trial did not clearly establish that penetration of the child had occurred.
[4] § 800.04(2), Fla. Stat. (1984).