509 So.2d 1078 (1987)
STATE of Florida, Petitioner,
v.
James HIGHTOWER, Respondent.
No. 68717.
Supreme Court of Florida.
April 2, 1987.
Rehearing Denied July 16, 1987.
Robert A. Butterworth, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, Seventh Judicial Circuit, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for respondent.
GRIMES, Justice.
We accepted jurisdiction of this case because of apparent conflict with State v. Lanier, 464 So.2d 1192 (Fla. 1985). Art. V, § 3(b)(3), Fla. Const.
The defendant was charged with sexual battery of a six-year-old child, pursuant to section 794.011(2), Florida Statutes (1983). Over the defendant's objection the court instructed the jury that lewd and lascivious conduct as set forth in section 800.04, Florida Statutes (1983), was a lesser included offense.[1] The jury found the defendant guilty of lewd and lascivious conduct. In a split decision en banc the Fifth District Court of Appeal reversed on the premise that the defendant had been convicted of a crime with which he had not been charged. Hightower v. State, 488 So.2d 106 (Fla. 5th DCA 1986). The district court of appeal grounded its ruling on Ray v. State, 403 So.2d 956 (Fla. 1981), in which this Court held that lewd and lascivious conduct was not a necessarily lesser included offense of sexual battery.[2]Accord Walker v. State, 464 So.2d 1325 (Fla. 5th DCA 1985); Harrielson v. State, 441 So.2d 691 (Fla. 5th DCA 1983). The state argues, however, that the decision below conflicts with this Court's later opinion in State v. Lanier.
In Lanier the defendant was charged under section 800.04 with handling, fondling, or making assault upon a twelve-year-old child by engaging in sexual intercourse, without intent to commit sexual battery. It was undisputed that the child was previously unchaste and that the sexual intercourse was consensual. In reversing the defendant's conviction, the Third District Court of Appeal held that he could not be prosecuted under section 800.04. Lanier v. State, 443 So.2d 178 (Fla. 3d DCA 1983). The court reasoned that there *1079 was no assault because there was consent and that sexual intercourse did not constitute handling and fondling. The case was certified to the Supreme Court as passing upon a question of great public importance.
In the meantime, in response to the district court of appeal decision in Lanier, the legislature enacted chapter 84-86, Laws of Florida, to amend section 800.04.[3] The preamble to that chapter read in part:
Whereas, the intent of the Legislature was and remains to prohibit lewd and lascivious acts upon children, including sexual intercourse and other acts defined as sexual battery, without regard either to the victim's consent or the victim's prior chastity....
This Court in Lanier relied in large part upon the foregoing legislative statement of intent in reversing the decision of the Third District Court of Appeal. We held that section 800.04 both prior to and subsequent to the 1984 amendment is violated when a male engages in sexual intercourse with a twelve-year-old girl even though the victim was previously unchaste and the sexual intercourse was consensual. The question now before us is whether in Lanier this Court implicitly overruled its decision in Ray. We think not.
The 1984 amendment to section 800.04 was passed to eliminate the anomalous interpretation that one could commit the conduct defined as sexual battery upon a person between the ages of twelve and sixteen and yet remain unpunished because of circumstances which would prevent conviction of the crime of sexual battery. Subsection (2) of section 800.04 as amended in 1984 utilized the sexual battery definition contained in section 794.011(1)(h). Therefore, it is evident that the phrase "without committing the crime of sexual battery" was included to differentiate between crimes of sexual battery and lewd and lascivious conduct. Had the phrase been excluded, a person having forcible sexual intercourse with a child under sixteen would be guilty of both crimes. As now worded, section 800.04 contemplates that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious. Thus, the unique language contained in the amendment to section 800.04 makes it clear that these particular crimes are mutually exclusive.[4]
The consensual intercourse with an unchaste twelve-year-old in Lanier did not constitute the crime of sexual battery. Therefore, the defendant could be convicted of lewd and lascivious conduct which was the crime charged. In the instant case intercourse with a six-year-old child constituted the crime of sexual battery regardless of unchastity or consent. By definition such activity could not be lewd and lascivious conduct under section 800.04 as now worded. If the 1984 amendment to section 800.04 simply served to clarify the law rather than change it, the principle of Ray remains intact. The crime of lewd and lascivious conduct was not and is not a necessarily included offense of the crime of sexual battery.
As the opinion below does not conflict with Lanier, we deny the petition for review.
It is so ordered.
*1080 McDONALD, C.J., and OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.
SHAW, J., concurs specially in the result only with an opinion.
SHAW, Justice, specially concurring in result only.
Respondent was charged with violating section 794.011(2), Florida Statutes (1983), but convicted of violating section 800.04, Florida Statutes (1983), based on a lesser included offense theory. The statutory elements of section 800.04, as they existed in 1983, are not subsumed within those of section 794.011 and the offenses are separate. § 775.021(4), Fla. Stat. (1983). I agree with the district court below that the charged offense was inadequate to put respondent on notice of jeopardy relative to section 800.04, and, thus, the conviction on the uncharged offense violated due process. I agree also that the concept of permissive lesser included offenses "is an aberration of law peculiar to the State of Florida which has caused enormous confusion" and that respondent could not be convicted on a theory of permissive lesser included offenses. Hightower v. State, 488 So.2d 106, 108 (Fla. 5th DCA 1986). See Wilcott v. State, 509 So.2d 261 (Fla. 1987), Shaw, J., dissenting. For those reasons, I concur with the majority view that the district court decision should not be disturbed.
I do not agree, however, with the majority's treatment of section 800.04, Florida Statutes (1985), as amended by section 5, chapter 84-86, Laws of Florida. The majority concludes that the amended phrase "without committing the crime of sexual battery" differentiates between the crimes of sexual battery and lewd and lascivious conduct and that, except for the phrase, a person could be convicted of both offenses for the same conduct. In other words, inclusion of the phrase prohibits conviction of both offenses for the same conduct. It follows that, as amended, section 800.04 is now a necessarily lesser included offense of section 794.011, Florida Statutes (1985). The reason this necessarily follows is that we know from section 775.021(4) that all separate offenses are subject to separate convictions and sentences, and, if two offenses are not separate, then one must be necessarily included in the other and separate convictions and sentences are prohibited. Thus, if the legislative phrase prohibits separate convictions and sentences, then it can only be that the legislature intended section 800.04 to become a necessarily lesser included offense of section 794.011. In my view, if the alleged offense here had occurred after the effective date of chapter 84-86, amending section 800.04, it would have been appropriate to instruct the jury, and to convict, on the lesser included offense of violating section 800.04.
The above conclusion is consistent with intuitive reasoning and amendments contained in chapter 84-86. First, from a logical viewpoint, lewd and lascivious conduct with a child which does not rise to the level of sexual battery is rationally a lesser included offense of sexual battery. Treating it as a separate offense from sexual battery has the undesirable consequences of permitting either dual convictions for the same act or multiple prosecutions for the same act. Treating it as a lesser included offense of sexual battery enables the state to put the charge of illegal conduct before the jury and simultaneously enables the jury to dispose with finality of all potential charges arising from the alleged illegal conduct. Here, for example, because the conviction of respondent has been overturned on appeal for reasons other than insufficiency of the evidence there is no bar to the state reprosecuting respondent for lewd and lascivious conduct. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); Tibbs v. State, 397 So.2d 1120 (Fla. 1981).
In addition to the amendment discussed above, section 5, chapter 84-86 also adds a new subsection (2) which was not previously contained in section 800.04, Florida Statutes (1983). Subsection (2) section 800.04 now provides:
Any person who:
... .

*1081 (2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; ...
... .
without committing the crime of sexual battery is guilty of... .
Paraphrased and simplified, this means that any defendant who has sexual relations[*] with a child under age sixteen is guilty of lewd and lascivious conduct. However, if the defendant is convicted of sexual battery based on the same conduct, he may be convicted only of the greater offense, sexual battery. This, of course, is the standard rule for greater and lesser included offenses. In my view, this addition makes explicit the subordinate and subsumed relationship of lewd and lascivious behavior with a child as a necessarily included lesser offense of sexual battery. I would make clear that our ruling here on section 800.04, as it existed in 1983, is not applicable to section 800.04 as it now exists.
NOTES
[1] At that time section 800.04 read as follows:

Lewd, lascivious or indecent assault or act upon or in presence of child.  Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083 or s. 775.084.
[2] Both parties agree that in the instant case lewd and lascivious conduct was not a permissibly included lesser offense (category 2) because the wording of the indictment did not include the statutory elements of an offense under section 800.04.
[3] As amended section 800.04 now reads:

Lewd, lascivious, or indecent assault or act upon or in presence of child; sexual battery.  Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years
without committing the crime of sexual battery is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.
[4] If uncertain of the proof, the cautious prosecutor will probably charge sexual battery and lewd and lascivious conduct in separate counts, recognizing, however, that only one conviction can be obtained for the same conduct.
[*] Section 794.011, which establishes and defines the criminal offense of sexual battery, could be written more clearly. Subsections (2)  (5) set out the various statutory elements of the completed crime. However, sexual battery itself is defined under subsection (1) as, essentially, sexual relations, which, without more, is not a criminal offense. Thus, "sexual battery" means both the completed offense and one of the numerous statutory elements.