COWART, Judge.
Marcus E. Karchesky, defendant, appeals a final judgment and sentence claiming a violation of his constitutional guarantee against being placed in jeopardy twice for the same offense.
On October 13, 1985, defendant engaged in sexual intercourse with the twelve year old daughter of his live-in girlfriend. As a result of this single act of intercourse, defendant was charged with and convicted of section 794.05, Florida Statutes (1985) (carnal intercourse with an unmarried person under eighteen), section 800.04(2), Florida Statutes (1985) (commission of an act defined as sexual battery upon a child under sixteen), and section 800.04(1), Florida Statutes (1985) (lewd assault or act upon a child under sixteen).
As a result of two subsequent, separate and distinct acts of sexual intercourse with this same victim, the defendant was likewise charged and convicted of two more counts of section 794.05, two more counts of section 800.04(2), and two more counts of section 800.04(1).
In Young v. State, 506 So.2d 13 (Fla. 5th DCA 1987), we reluctantly held that under State v. Lanier, 464 So.2d 1192 (Fla.1985) lewd assault must be considered a necessarily lesser offense of section 794.011(5), sexual battery (with or without chastity and consent) in prosecutions where the victim is twelve to sixteen years of age. In the instant case, the victim was a child twelve years of age. Therefore, when the defendant was charged with sexual battery under section 794.05, Florida Statutes (1985) (carnal intercourse with an unmarried person under eighteen), the charges under section 800.04(1) and section 800.-04(2) were simply redundant as they were lesser included offenses of the charge of sexual battery, section 794.05.[1]
Therefore, because there were only three separate factual events and, under Lanier, only three crimes charged (although erroneously broken down into nine separate counts), there can be only three valid convictions for the three separate acts of sexual intercourse.
*404 We affirm the three convictions under section 794.05, Florida Statutes (1985) and reverse the three convictions under section 800.04(1), Florida Statutes (1985), and the three convictions under section 800.04(2), Florida Statutes (1985).
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH and COBB, JJ., concur.

. State v. Hightower, 509 So.2d 1078, (Fla.1987) holds that section 800.04 is not a lesser included offense of section 794.011(2). Hightower is distinguishable from this case because (1) the victim in Hightower was under 12 years old while the victim in this case was over 12 years old, and (2) here Karchesky is charged under section 794.05, which requires the victim be less than 18 years old, while in Hightower, the defendant was charged under section 794.011(2) which requires the victim be less than 12 years old.