548 So.2d 788 (1989)
Emory Stevenson MORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-01744.
District Court of Appeal of Florida, Second District.
September 6, 1989.
*789 James Marion Moorman, Public Defender, and T. Orin Lee, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant, Emory Stevenson Morton, appeals his convictions and sentences for lewd and lascivious conduct, sexual battery, and false imprisonment. We reverse the lewd and lascivious convictions; otherwise, we affirm.
The defendant's prosecution arose from an incident in which he and another man took turns sexually assaulting two female minors, ages 14 and 16. Among other offenses, the information charged the defendant with three counts of sexual battery and three counts of lewd and lascivious conduct against the 14-year-old in violation of section 794.011(3), Florida Statutes (1987). The lewd and lascivious counts track section 800.04(2), Florida Statutes (1987), which provides that "[a]ny person who ... commits an act defined as sexual battery under s. 794.011(1)(h) upon a child under the age of 16 years ... without committing the crime of sexual battery is guilty of a felony of the second degree [lewd and lascivious conduct.]"
On appeal, the defendant raises two points, only one of which merits discussion. He argues that his lewd and lascivious convictions cannot stand because the sexual battery and lewd and lascivious counts were predicated on indistinguishable acts against the same victim. He cites State v. Hightower, 509 So.2d 1078, 1079 (Fla. 1987), in which the supreme court interpreted the statute:
As now worded, section 800.04 contemplates that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious. Thus, the unique language contained in the amendment to section 800.04 makes it clear these particular crimes are mutually exclusive.
The state argues that Hightower does not govern this factual scenario because in Hightower only the defendant and his victim were present. Here, however, there were two victims present. The state contends that the lewd and lascivious counts are not based on the same conduct that underlies the sexual battery counts, namely the assaults on the 14-year-old. Instead, the defendant committed lewd and lascivious actions against the 14-year-old when he sexually assaulted the 16-year-old girl in the 14-year-old's presence. Thus, the state argues, the lewd and lascivious convictions are proper because they are not predicated on the same conduct, as in Hightower.
Resolution of this appeal demands attention to the precise wording of the information. In regard to Hightower, there may well be a valid distinction to be made where there are two victims and one observes the sexual battery of the other. We think it integral to the proper application of Hightower to recognize that it did not contemplate the situation where one sexual battery victim watches the sexual battery of another. Indeed, section 800.04(3) itself provides that a person who "[k]nowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery ... is guilty of [lewd and lascivious conduct.]" (emphasis supplied).
Here, however, the distinction the state argues was not alleged in the information nor listed as an element in the instructions to the jury. The sexual battery counts, I, II, and III are identical to the assertions made in the lewd and lascivious counts of VIII, IX, and X, respectively. These counts do not mention the 14-year-old's witnessing the assaults on the 16-year-old. *790 Counts VIII, IX, and X all alleged that the defendant committed "an act defined as sexual battery ... upon [the 14-year-old]... without committing the crime of sexual battery on [the 14-year-old]."
Furthermore, the jury instructions, prepared by the state, also do not indicate that the 14-year-old's witnessing of the 16-year-old's assaults was an element to be proved. Although we agree with the state that proof exists that the 14-year-old saw the defendant commit three sexual offenses against the other girl, the existence of such evidence does not correct the state's failure to allege in the information the offense described in section 800.04(3).
Thus, the counts for lewd and lascivious conduct and the sexual battery counts were based on the same conduct and the jury was so instructed. Although the trial judge properly declined to sentence defendant on the lewd and lascivious counts, he erred in not going further and also not entering convictions on those counts.
We affirm the defendant's convictions and sentences except his convictions for lewd and lascivious conduct. Since the defendant was not sentenced on the overturned convictions, there is no need to remand for resentencing.
HALL and THREADGILL, JJ., concur.