634 So.2d 714 (1994)
Tom L. FJORD, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1344.
District Court of Appeal of Florida, Fourth District.
March 16, 1994.
*715 Richard L. Jorandby, Public Defender, and Debra Moses Stephens, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Sr. Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant was charged with sexual battery, in violation of section 794.011(2), Florida Statutes (1991), and two counts of lewd and lascivious assault upon a child less than 16 years of age, in violation of section 800.04, Florida Statutes (1991). We find his convictions for both the lesser-included offense of battery and one count of lewd and lascivious assault arising out of a single act to be mutually exclusive based on State v. Hightower, 509 So.2d 1078 (Fla. 1987).
In Hightower, the supreme court held the crimes of sexual battery and lewd and lascivious assault to be mutually exclusive based on the statutory definition of each crime:
As now worded, section 800.04 [the statute proscribing lewd and lascivious behavior], contemplates that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious. Thus, the unique language contained in the amendment to section 800.04 makes it clear that these particular crimes are mutually exclusive.
Id. at 1079. Thus, a defendant cannot be convicted of both crimes if the charges arise out of the same act. Accord Edwards v. State, 613 So.2d 508 (Fla. 5th DCA 1993).
The information in this case charges defendant with one count of sexual battery "by penetrating [the victim's] vagina with his fingers" and with a second count of lewd and lascivious assault "by touching and/or fondling [the victim's] vaginal area, without intent to commit sexual battery." A third count and conviction for lewd and lascivious assault by the defendant "putting [the victim's] foot on his genitalia and/or genital area," without the intent to commit sexual battery arises from a distinct and separate act and is not the subject of this appeal.
The child-victim in this case essentially testified that the defendant stuck his finger up her vagina. Therefore, the evidence in this case does not support two separate acts involving the vagina and the vaginal area. Accordingly, the convictions for both battery *716 and lewd lascivious assault cannot stand since they arise from the same incident. Hightower.
In addition, the defendant here was convicted of battery, as a lesser-included offense of sexual battery. § 784.03, Florida Statutes (1991). The jury was instructed that battery involved finding that the defendant "intentionally touched or struck [the victim] against her will" and that lewd and lascivious act consisted of the victim being under the age of 16 and the victim being "handled or fondled" in a lewd, lascivious or indecent manner. Double jeopardy prohibits multiple convictions for the same offense. See generally Carawan v. State, 515 So.2d 161 (Fla. 1987). Dual punishments for the same act are likewise impermissible, even if the convictions for both offenses do not constitute double jeopardy. See State v. Barton, 523 So.2d 152 (Fla. 1988). Based on the evidence and the jury instructions in this case, the convictions for the crime of battery and lewd and lascivious act arising from a single act involving either touching the vagina or vaginal area also violate the constitutional prohibition against double jeopardy. See Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989). (Double jeopardy is violated where defendant is convicted of both burglary with a battery and battery, when battery in both charges is the same.)
The defendant was sentenced to one year imprisonment on the battery conviction and 3 1/2 years in the Department of Corrections, plus ten years probation on the lewd and lascivious assault counts, all sentences to run concurrently. The state concedes that if the sexual battery and the lewd and lascivious assault arise from a single act that the proper remedy is to vacate the conviction and sentence for battery, the lesser-included offense of sexual battery. We agree that this is the appropriate procedure because in cases involving dual convictions for the same conduct, the lesser crime or conviction is vacated. See State v. Barton; Russell v. State, 430 So.2d 617 (Fla. 2nd DCA 1983). Accordingly, defendant's conviction for battery is vacated. In all other respects, the convictions and sentences are affirmed.
AFFIRMED IN PART; REVERSED IN PART.
GLICKSTEIN and FARMER, JJ., concur.