648 So.2d 837 (1995)
Raymond McConn, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02870.
District Court of Appeal of Florida, Second District.
January 13, 1995.
Charlie Ann Scott of Scott & Williams, P.A., Sarasota, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Raymond McConn appeals his judgments and sentences arising from two sexual encounters with a twelve-year-old girl. We affirm the two convictions for sexual activity while in custodial authority,[1] but reverse the two convictions for lewd and lascivious conduct.[2] As in Audano v. State, 641 So.2d 1356 (Fla. 2d DCA 1994), the convictions for lewd and lascivious conduct are barred by the prohibition against double jeopardy.
During two days in the fall of 1991, the defendant engaged in sexual activity with a *838 child who lived in his neighborhood. There is no question that the victim was in Mr. McConn's custodial authority. See Hallberg v. State, 649 So.2d 1355 (Fla. 1994). The state filed an information charging Mr. McConn with both lewd and lascivious conduct and sexual activity on each date. The two counts charging lewd and lascivious conduct alleged that Mr. McConn placed his exposed penis between the legs of the victim in violation of section 800.04(1), Florida Statutes (1991). The two counts charging sexual activity alleged that he penetrated the victim's vagina with his penis during the same encounters.
The defendant maintains that he cannot be convicted of both crimes because the conduct of placing his exposed penis between the legs of the victim is incorporated within the crime of sexual activity as alleged in the information. The state argues that it may divide the sexual encounter into two sequential offenses under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and section 775.021, Florida Statutes (1991).
In Audano we considered a similar combination of sexual battery and lewd and lascivious conduct under section 800.04(1). In that case, the defendant touched the victim's vagina with his finger and then proceeded to digitally penetrate her vagina. We held that this ongoing sexual assault could not be dissected into two sequential crimes. See also State v. Hightower, 509 So.2d 1078 (Fla. 1987) (sexual battery and lewd and lascivious act are mutually exclusive); Chaplin v. State, 622 So.2d 165 (Fla. 2d DCA 1993) (same); State v. Colbert, 522 So.2d 436 (Fla. 2d DCA 1988) (same), approved, 569 So.2d 433 (Fla. 1990).
Unlike the offense of sexual battery, the offense of sexual activity does not necessarily bar a conviction for lewd and lascivious conduct in all cases. Section 800.04 provides in part:
Lewd, lascivious, or indecent assault or act upon or in presence of child.  Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
... .
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
... .
without committing the crime of sexual battery, commits a felony of the second degree... . Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.
This section proscribes certain conduct in the presence of a child "without committing the crime of sexual battery." Due to the statutory language in chapter 794, one does not commit the crime of sexual battery by engaging in consensual sexual activity with a child over the age of 12.[3] Accordingly, such consensual acts are typically charged as lewd and lascivious conduct under section 800.04(3). However, if the consensual sexual activity is committed by an adult who has custodial authority of a child over the age of 12, the sexual activity violates section 794.041(2)(b), Florida Statutes (1991). Thus, one can logically commit a lewd and lascivious act that is not the crime of sexual battery but is sexual activity.
In Hallberg v. State, 621 So.2d 693 (Fla. 2d DCA 1993), rev'd on other grounds, 649 So.2d 1355 (Fla. 1994), we held that a defendant could be convicted of both sexual activity with a child in custodial authority and lewd and lascivious act under section 800.04(3). We distinguish that case for two reasons. First, there were multiple sexual encounters in Hallberg so that the jury was not required to divide one consensual sexual encounter into its parts in order to convict the defendant of both crimes. Second, by charging a lewd and lascivious act under section 800.04(3) rather than 800.04(1), the state was not attempting in Hallberg to separate an indecent assault from the sexual contact that followed without any significant interruption. *839 For example, if the information in this case had charged lewd manual fondling of the victim or lascivious oral conduct followed by sexual activity involving the defendant's penis, it is likely that the state could have alleged two distinct crimes. The language of the information, however, renders the charge of lewd and lascivious conduct a category two lesser included offense of the crime of sexual activity. Cf. Blanchard v. State, 634 So.2d 1118 (Fla. 2d DCA) (battery may be a category two lesser included offense of false imprisonment), review denied, 641 So.2d 1344 (Fla. 1994).
Under section 775.021(4)(a), "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." We admit that linguistically one may be able to express these two offenses so that each seems to contain an element that the other lacks. From a practical standpoint, however, it is impossible to commit the sexual activity alleged in the information without committing the alleged lewd act in the process. Thus, under the evidence and the allegations of the information, lewd and lascivious conduct was a lesser included offense of the charged sexual activity.
Because the reversal of the two convictions affects the defendant's scoresheet, we reverse all of his sentences and remand for resentencing.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and LAZZARA, J., concur.
NOTES
[1] § 794.041(2)(b), Fla. Stat. (1991).
[2] § 800.04(1), Fla. Stat. (1991).
[3] § 794.011(3), Fla. Stat. (1991). Chapter 794 has been revised since 1991. The crime of sexual activity while in custodial authority was repealed in that amendment. Ch. 93-156, Laws of Fla.