PER CURIAM.
Appellant raises two issues claiming violations of the speedy trial rule and in a third issue claims that double jeopardy barred his second trial on the charge of sexual battery of a child less than twelve years of age. Without further discussion, we affirm the speedy trial issues. Because appellant’s retrial was barred by the constitutional prohibition against double jeopardy, however, we reverse his conviction for sexual battery.
By an amended, four-count information appellant was charged with one count of sexual battery on a child less than twelve years old and one count of a lewd and lascivious act as to one of his daughters. Counts three and four of the information similarly charged appellant with sexual battery upon a child less than twelve years of age and a lewd and lascivious act as to his other daughter. The counts were subsequently severed and separate trials held. The instant appeal involves only the trials had on the latter two counts.
At the first trial, appellant’s daughter testified regarding incidents that occurred when she was eight or nine years old. She testified that on several occasions after she took a shower her father would use the pretext of checking her for cleanliness to put his fingers in her vagina. She also testified regarding incidents in which her father exposed himself to her when asking her to bring him a bath towel. Finally, she told of one occasion which occurred after a return from the beach. She had refused to rub lotion on her father, but later walked into the room and found her father lying naked face down on-the bed and her sister was rubbing lotion on him.
During its closing, the state argued that as to the charge of sexual battery, the state must prove that “the Defendant committed an act upon the victim in which the vagina of the victim was penetrated by an object.” *501 The prosecutor reminded the jury of the incidents in which the child’s father pretended to cheek the child’s vagina for cleanliness. On the charge of lewd and lascivious conduct, the prosecutor told the jury that the state must prove that “the Defendant handled or fondled the victim in a lewd, lascivious, or indecent manner; or that he committed an act upon the victim in which the vagina of the victim was penetrated by an object; or that he knowingly committed a lewd or lascivious act in the presence of the victim.” After further explanation, the state attorney reminded the jury of the lotion rubbing incident and the towel/flashing incident.
After closing arguments the court held a side-bar conference and questioned the prosecutor regarding the jury instruction to be given on lewd and lascivious acts. The court cautioned the prosecutor that “if the lewd and lascivious encompasses the same offense, the same facts included in the sexual battery, that you could only sentence him on one of those, so I wanted to make sure that you want to include in the lewd and lascivious the insertion of [an] object into the vagina in the instructions.” The prosecutor assured the court that its concerns were unwarranted and requested that the full instruction on the lewd and lascivious charge be given.
Just as the state requested, the court instructed the jury that on the charge of sexual battery: “[T]he State must prove ... the Defendant committed an act upon the victim in which the vagina of the victim was penetrated by an object: The finger of the Defendant.” The court also instructed on the lesser included offenses of attempted sexual battery and battery.
On the lewd and lascivious count the court instructed the jury as follows in pertinent part:
Before you can find the Defendant guilty of the crime of committing a lewd and lascivious act upon or in the presence of a child the State must prove the following two elements beyond a reasonable doubt: ... Two, the Defendant handled or fondled the victim in a lewd, lascivious, or indecent manner. Or the Defendant knowingly committed a lewd and, lewd or lascivious act in the presence of the child.
The court also instructed on the lesser included offenses of attempted lewd and lascivious act committed in the presence of a child under the age of 16 years, commission of an unnatural and lascivious act, and battery. In describing the lesser included offense of commission of an unnatural and lascivious act, the court instructed that the state must prove that
the Defendant knowingly touched or fondled the victim’s vagina in a lewd and lascivious manner, or knowingly exhibited his penis to the victim in a lewd and lascivious manner, or encouraged the victim to rub lotion on his body in a lewd and lascivious manner.
The jury found appellant not guilty of the lewd and lascivious act charge but deadlocked on the sexual battery charge. A mistrial was declared on that charge. Subsequently, appellant filed a motion to dismiss the sexual battery count on the ground of double jeopardy and argued that the lewd and lascivious charge of which he was acquitted rested on the same acts as the sexual battery count. Without expressly ruling on the motion, the court ordered re-trial on the sexual battery count. The jury at the second trial found appellant guilty of sexual battery upon a child less than twelve years of age, and he was sentenced to life without possibility of parole for twenty-five years.
There is no dispute that the crimes of sexual battery and lewd and lascivious conduct are by statutory definition mutually exclusive and that “[t]he crime of lewd and lascivious conduct was not and is not a necessarily included offense of the crime of sexual battery.” State v. Hightower, 509 So.2d 1078, 1079 (Fla.1987). In a footnote in High-tower, the court noted, however, that “[i]f uncertain of the proof, the cautious prosecutor will probably charge sexual battery and lewd and lascivious conduct in separate counts, recognizing, however, that only one conviction can be obtained for the same conduct.” Id. at 1079 n. 4. A defendant cannot be convicted of both sexual battery and lewd and lascivious conduct if the charges arise out of the same act. Fjord v. State, 634 So.2d 714 (Fla. 4th DCA 1994) (relying on *502 Hightower). In Fjord the defendant was charged with sexual battery and lewd and lascivious conduct and found guilty of the lesser included offense of battery and of lewd and lascivious conduct. The court held that both convictions could not stand and stated the following:
Based on the evidence and the jury instructions in this case, the convictions for the crime of battery and lewd and lascivious act arising from a single act involving either touching the vagina or vaginal area also violate the constitutional prohibition against double jeopardy.
Fjord at 716. The court vacated the lesser conviction of battery. Similarly, this court has stated that “[u]nder section 800.04(3), one cannot be convicted of a lewd and lascivious act committed upon a child under 12 years of age for conduct that also constitutes the crime of sexual battery under section 794.011.” Jozens v. State, 649 So.2d 322, 323 (Fla. 1st DCA 1995).
At appellant’s first trial, the state incautiously but clearly commingled the facts supporting both the sexual battery and the lewd and lascivious charges. Because the state so requested, the court instructed the jury on the alternative theories of lewd and lascivious conduct, which resulted in the jury being allowed to consider the incidents involving appellant’s having allegedly touched and penetrated the child’s vagina as a basis for finding appellant guilty of the lewd and lascivious conduct charge. In addition, instruction was given on two lesser included offenses of the lewd and lascivious conduct charge — an unnatural and lascivious act (defined as the touching of the vagina) and battery — which also necessarily rested on the incidents of vaginal penetration.
This case is unlike previous cases in which a defendant was convicted on both charges at a single trial and the double jeopardy prohibition required that one conviction be vacated. In the instant case, appellant was found not guilty of lewd and lascivious conduct and in a re-trial of the sexual battery charge, which rested on the same facts, was found guilty. Just as double jeopardy bars convictions for both sexual battery and lewd and lascivious conduct that rest on the same evidence of touching the vagina, Fjord v. State, supra; Audano v. State, 641 So.2d 1356, 1361 (Fla. 2d DCA 1994); see Lewis v. State, 626 So.2d 1073, 1075-76 (Fla. 1st DCA 1993), double jeopardy also prohibits re-trial on a sexual battery charge when the defendant already has been found not guilty of a lewd and lascivious conduct charge that rests on the same facts as the sexual battery charge.
Accordingly, we have no choice but to reverse appellant’s conviction and sentence and remand the cause with directions that appellant be discharged.
MINER, WEBSTER and MICKLE, JJ., concur.