ON REMAND FROM THE SUPREME COURT

HARRIS, Judge.
In accordance with the January 17, 1997 Mandate and Instructions of the Florida Supreme Court by opinion filed December 26, 1996, we withdraw our previous opinion, reinstate the appeal in this court, and remand this cause back to the trial court to determine whether the evidence presented at trial was sufficient to convict Espinosa for the greater offense of resisting an officer with violence. The American Bar Association Standards Relating to Appellate Courts advises that our obligation is to do more than merely rule and remand; we should also give “clear governing directions” if the manner of performing the task we consign to the trial court is not readily apparent so that “the trial court and counsel” can “carry out [our] mandate.” In consigning this issue to the trial court, we recognize that we are giving it a task that would cross Solomon’s eyes. Therefore, and because of the possibility that this ease will return to us (and perhaps to the supreme court) after the court rules below, we believe it appropriate that we discuss a problem which is inherent in the issue we are asking it to resolve.[1]
*658 The supreme court has now held that if a defendant takes advantage of a lesser included instruction and is convicted of the lesser offense, he may contest the sufficiency of the evidence of the lesser included offense “only when the evidence is insufficient to convict the defendant of the greater charge as well.” It has ordered the remand of the case back to the trial court to determine whether the evidence at trial was sufficient to convict Espinosa of resisting an officer with violence.
The trial court will immediately see that we are asking it to determine whether the evidence was sufficient to convict for the crime of resisting with violence when the jury has already determined that it was not. What is the standard that the judge is to use in making this determination and what burden of proof should the court consider? Perhaps the court can meet its obligation on remand by merely determining that there was sufficient evidence in the record, if believed by the jury (even if it may not have been believed by the jury), to sustain a conviction for the greater offense. Or perhaps the court should consider whether the evidence was sufficient to convince it to convict had it been the factfinder in the case. If either of these tests apply, then the court’s task is not so difficult. Or perhaps the trial court may consider the sufficiency of the evidence for this analysis under a different standard of proof. See United States v. Watts, — U.S. -, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), which permits the sentencing judge to take into account evidence of charges for which the defendant was acquitted in determining the appropriate sentence because the burden of proof for sentencing issues is not the beyond a reasonable doubt standard. Although we do not believe now that a different burden of proof is applicable, if a different standard of proof is permitted, then the task is manageable.
The supreme court may be directing the trial court to determine whether Espinosa’s acquittal of the greater crime and his conviction for the lesser was merely a jury pardon. If so, this task is even more difficult. We do not know how the court is to determine whether the conviction of the lesser charge was, in fact, a jury pardon. Must not the court consider the possibility that the jury, as it is authorized to do, simply refused to believe the officers and determined that in fact Espinosa used no force against the officer? There was certainly record evidence to support this finding. Espinosa, a bisexual, testified that he was known to and unpopular with the City of Oakland arresting officer who made the arrest, without a warrant, outside the city’s limits. It is admitted that the handcuffs were placed on Espinosa so tightly that his wrists became severely swollen and started bleeding and that the cuffs ultimately had to be removed with bolt cutters. The jury may well have believed that Espinosa’s thrashing and running about resulted more from excruciating pain and his frustration that his pleas that the cuffs be loosened were ignored than from any effort to “violently” resist arrest. If that is the case, then the State would have presented insufficient believable evidence of violence (for the resisting with violence charge) and insufficient evidence that the officer was en *659 gaged in a lawful arrest (for the resisting without violence charge). In such case, even though the defendant may be held to have constitutionally waived his right to have the State prove all of the elements of the lesser included offense for which he was convicted, he has not waived the right to have the State prove some crime. Even a confession is inadmissible until the State proves a corpus delicti See Sochor v. State, 580 So.2d 595 (Fla.1991); State v. Allen, 335 So.2d 823 (Fla.1976).
Even though we see the problem facing the trial court, we have no ready solution. We suggest that the trial court have the issue of what standard it is to apply in resolving this question and what the appropriate burden of proof is to be applied by it completely researched by the defense and the State prior to embarking on its task.
Jurisdiction is relinquished and this cause is remanded to the Circuit Court for Orange County, Florida, for a period of forty-five days from the date hereof, for a determination by the lower court of the sufficiency, of the evidence on the greater offense of resisting arrest with violence. Appellant shall forthwith supplement the record on appeal with a certified copy of the order entered upon remand.
DAUKSCH and ANTOON, JJ., concur.

. In addition to the issue referred to above which will face the trial judge, there is an additional issue not important to the trial court's deliberation on remand. It seems appropriate that we mention this issue by footnote so that the supreme court can consider it, if it desires, at its next opportunity. That issue is the possibility that the supreme court’s decision herein may conflict with its opinion in State v. Hightower, 509 So.2d 1078 (Fla.1987), in regard to proper pleading.
We recognize that the supreme court has rejected our suggestion that resisting an officer without violence is a necessarily lesser included offense of resisting an officer with violence. Certainly we accept this ruling. We frankly did not consider the possibility that resisting without violence could be a permissive lesser included offense of resisting with violence because a permissive lesser included offense, unlike a necessarily lesser included offense which, at law, is deemed to be included within the greater charge because of a consistency of elements, depends entirely on the allegations of the information. Therefore, it is the surplus allegations of the main charge, if not stricken, that may justify a permissive lesser included instruction.
*658 While there is no problem with this concept so long as the surplus allegations are not inconsistent with the main charge, precedent suggests that a problem may arise if these surplus allegations conflict with and are inconsistent with the main charge. For example, civil case law holds that if a complaint contains conflicting allegations in the same count, the allegations negate each other and no cause of action is pled. Hoopes v. Crane, 56 Fla. 395, 47 So. 992 (1908); Peacock v. General Motors Acceptance Corp., 432 So.2d 142 (Fla. 1st DCA 1983). In Hightower., the supreme court held that a charge of lewd and lascivious conduct, because it required proof that a sexual battery had not occurred, was a mutually exclusive charge to sexual battery. In our case, since violence or the lack thereof is the distinguishing characteristic between the two resisting offenses, one seems to be a mutually exclusive charge to the other. Is it proper to plead that one resisted with violence and without violence based on the same facts in the same count? Hightower suggests not. In footnote four, the Hightower court explained how inconsistent charges should be pled: “If uncertain of proof, the cautious prosecutor will probably charge sexual battery and lewd and lascivious conduct in separate counts, recognizing, however, that only one conviction can be obtained for the same conduct.”
We raise this point only because of the effect that this case may have on the pleading practices of state attorneys.