CASANUEVA, Judge.
Timothy Richard Rice presents several issues in this appeal from his convictions on three counts of attempted sexual battery and one count of attempted lewd and lascivious act. We find meritorious Mr. Rice’s contention that the conviction for attempted lewd and lascivious act must fall pursuant to the rationale of State v. Hightower, 509 So.2d 1078 (Fla.1987), and, accordingly, reverse that conviction. We affirm the remaining convictions.
In Hightower, 509 So.2d at 1079, our supreme court held that where there is but a single incident, the crimes of attempted sexual battery and attempted lewd and lascivious act are “mutually exclusive.” Because in this case the State proved that Mr. Rice committed only one criminal act upon the child named in Count IV, A.J., there can be but one conviction— for attempted capital sexual battery. The State has appropriately and professionally *41 conceded this point. Therefore, the conviction for attempted lewd and lascivious act must be reversed and the sentence stricken on remand.
Although the State concedes that the conviction for attempted lewd and lascivious act in Count IV is improper, it asks that Mr. Rice’s conviction for lewd and lascivious act in Count II be reinstated. The State’s theory is that the evidence actually proved that Mr. Rice had committed separate crimes of attempted sexual battery and lewd and lascivious act upon B.B., the victim named in Count II.
Our appellate rules provide that the State may appeal the granting of a judgment of acquittal after a jury verdict, see Fla. R.App. P. 9.140(c)(1)(E), or may cross-appeal a question of law when the defendant appeals, see Fla. R.App. P. 9.140(c)(l)(I). Here, Count II was dismissed following a hearing on Mr. Rice’s motion for new trial at which the trial court appears to have relied upon inaccurate information provided by the State, which essentially confused the victims in Counts II and IV. For purposes of review, however, the State has availed itself of neither rule 9.140(c)(1)(E) nor 9.140(c)(l)(I). In the absence of a perfected appeal or cross-appeal, this court is without legal authority to resolve the issue raised in the State’s brief or to pass upon its merits.
Accordingly, on remand, the trial court shall set aside the conviction on Count IV and strike the corresponding sentence. For sentencing guideline purposes, a new scoresheet shall be calculated.
Affirmed in part; reversed in part; remanded with instructions
ALTENBERND, A.C.J., and GREEN, J., Concur.