PER CURIAM.
Victorio Huipio, the appellant, was convicted of armed sexual battery (count I), two counts of armed indecent assault (counts II and III), armed lewd or lascivious act in the presence of a child (count IV), attempted armed sexual battery (count V), and aggravated battery (count VI). Huipio was sentenced as an habitual felony offender to life imprisonment for count I and to thirty years imprisonment each for counts III, V and VI. No judgment or sentence was entered for either count II or IV. On appeal, Huipio challenges the denial of his motion to suppress the victim’s identification of him as her attacker, the trial court’s refusal to give a specially requested jury instruction, and the trial court’s so-called “abatement” of counts II and IV. We affirm as to the first two issues without further comment, writing only to address the latter of Huipio’s claims.
The State conceded, in light of cases like State v. Hightower, 509 So.2d 1078 (Fla. 1987), Fjord v. State, 634 So.2d 714 (Fla. 4th DCA 1994), and McConn v. State, 648 So.2d 837 (Fla. 2d DCA 1995), that on the facts of this case, convictions for counts I and II, and counts TV and V, were duplica-tive since the armed sexual -battery of count I, subsumed the armed indecent assault charged in count II, and the attempted armed sexual battery of count V subsumed the armed lewd and lascivious act offense charged in count TV. Following the jury’s guilty verdict on counts I through VI, the trial judge did not enter a judgment of conviction or sentence on either count II or IV. The trial judge stated that these guilty findings on counts II and IV were “abated.” Huipio contends that this is insufficient to cure the harm. We disagree because no convictions for counts II and IV were ever entered, making this case distinguishable from Morton v. State, 548 So.2d 788 (Fla. 2d DCA 1989), cited by Huipio. The jury’s guilty verdict on counts II and IV is simply a “nullity” upon which a judgment of conviction could not be entered. Thus, there was no need for the trial judge to enter judgments of acquittals on those counts, as requested by appellant.
AFFIRMED.
STEVENSON, GROSS and HAZOURI, JJ., concur.