919 So.2d 623 (2006)
Larry ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2460.
District Court of Appeal of Florida, Second District.
January 20, 2006.
James Marion Moorman, Public Defender, and Tim F. Bower, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Larry Robinson was convicted of sexual battery[1] and lewd or lascivious molestation[2] based on a single sexual act. He was sentenced to prison for the sexual battery conviction, to be followed by community control and probation for the molestation. Robinson moved to vacate the judgment and sentence, arguing that the dual convictions violated double jeopardy. The court denied the motion. We reverse.
The victim, who was thirteen years old at the time of the crime, testified that the only sexual act Robinson perpetrated was a digital penetration of her vagina. She did not describe any fondling or other sexual activity. For example, when asked "how [Robinson] used his hand under your shorts," she replied that he "[p]ut them in my vagina." When the prosecutor asked the victim "whether [Robinson's fingers] went just on the inside or the outside," she answered "the inside."
One act cannot support convictions for both sexual battery and lewd and lascivious conduct. See State v. Hightower, 509 So.2d 1078, 1079 n. 4 (Fla.1987); Skeens v. State, 733 So.2d 1094, 1095-96 (Fla. 2d DCA 1999); cf. Audano v. State, 641 So.2d 1356, 1361 (Fla. 2d DCA 1994). As we recently stated in Johnson v. State, 913 So.2d 1291, 1291 (Fla. 2d DCA 2005), convictions for sexual battery and lewd or lascivious molestation violate double jeopardy principles when the offenses "were both perpetrated on the same victim, at the same time and place, during the same criminal episode." See also Tannihill v. State, 848 So.2d 442, 444 (Fla. 4th DCA 2003). Accordingly, we reverse and remand with directions to strike the conviction and sentence for lewd and lascivious molestation.
In its brief in this appeal the State points out that in 1999 the legislature amended section 800.04. Ch. 99-201, § 6, *624 at 1187-89, Laws of Fla. The State argues that cases such as Hightower, which interpreted the previous version of the statute, are no longer instructive on this double jeopardy issue. Before 1999, the crime of lewd and lascivious assault occurred when a person "commit[ted] an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years, . . . without committing the crime of sexual battery." See § 800.04, Fla. Stat. (1997). Hightower relied on the "unique language" of this statute when it determined that the crimes of sexual battery and lewd and lascivious conduct were mutually exclusive. 509 So.2d at 1079. The State maintains that under the present version of section 800.04 the crimes are not mutually exclusive, and that a perpetrator can be convicted of both sexual battery and lewd and lascivious conduct based on the same sexual act.
We disagree. In McConn v. State, 648 So.2d 837 (Fla. 2d DCA 1995), we held that a conviction for sexual activity with a child in custodial authority, § 794.041(2)(b), Fla. Stat. (1991), and a conviction for lewd and lascivious conduct, § 800.04(1), Fla. Stat. (1991), violated double jeopardy because they were based on the same sexual act. The section 794.041 crime was not a defined as a "sexual battery." Thus, the "unique language" of the pre-1999 version of section 800.04 did not necessarily make the crimes mutually exclusive, as contemplated in Hightower. But as the McConn court noted, "[f]rom a practical standpoint, however, it is impossible to commit the sexual activity alleged in the information without committing the alleged lewd act in the process." The same reasoning applies here, regardless of the new language in the 2002 version of section 800.04. However, we certify that our resolution of this case passes on the following question of great public importance:[3]
MAY A DEFENDANT BE CONVICTED OF BOTH SEXUAL BATTERY UNDER SECTION 794.011(5), FLORIDA STATUTES (2002), AND LEWD AND LASCIVIOUS MOLESTATION UNDER SECTION 800.04(5), FLORIDA STATUTES (2002), FOR A SINGLE SEXUAL ACT?
We reverse Robinson's conviction under section 800.04(5) and remand with directions to enter a judgment of acquittal on that charge and to strike Robinson's sentence for that crime.
STRINGER, J. and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] § 794.011(5), Fla. Stat. (2002)
[2] § 800.04(5), Fla. Stat. (2002)
[3] Art. V, § 3(b)(4), Fla. Const.