687 So.2d 22 (1996)
Anthony McGEE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0132.
District Court of Appeal of Florida, Fifth District.
December 20, 1996.
Rehearing Denied January 28, 1997.
*23 Stephen A. Weinstein, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
The defendant appeals his convictions and sentences for aggravated assault,[1] possession of a firearm in commission of a felony,[2] discharging a firearm in public,[3] and resisting arrest without violence.[4] The defendant was sentenced to a term of fifty months' imprisonment with a three-year mandatory minimum pursuant to section 775.087(2), Florida Statutes (1995). We affirm.
On appeal, the defendant argues that his convictions must be reversed because the guilty verdicts for the crimes of aggravated assault and resisting arrest without violence are legally inconsistent. We disagree.
As a general rule, inconsistent verdicts are permitted. See Eaton v. State, 438 So.2d 822 (1983). This is because jury verdicts may reflect leniency and therefore, do not always speak to the guilt or innocence of a defendant. There is only one recognized exception to this general rule; namely, the "true inconsistent verdict" exception. True inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA), cause dismissed, 444 So.2d 417 (Fla.1983). An example of a true inconsistent verdict is where a defendant is convicted of committing felony murder but acquitted on the underlying felony charge. See Mahaun v. State, 377 So.2d 1158 (Fla.1979). See also Redondo v. State, 403 So.2d 954 (Fla.1981)(defendant could not be convicted of unlawful possession of a firearm during the commission of a felony where the jury failed to find the defendant guilty of any felony).
*24 The "true inconsistent verdict" exception does not apply in the instant case. The officer's effort to subdue the defendant involved an encounter followed by a chase during which the defendant shot at the officer. After the shot was fired, the chase resumed. Therefore, the verdict of guilty of aggravated assault on a law enforcement officer in no way negates the verdict of guilty of resisting arrest without violence because the jury could have determined that the act of resistance occurred either before or after the shooting.
The defendant also argues that it was error to impose a mandatory minimum sentence and to reclassify the aggravated assault charge to a second-degree felony. The defendant maintains that the use of a firearm was the basis for both the mandatory minimum sentence and the reclassification and therefore, his convictions for aggravated assault and possession of a firearm during the commission of a felony violate double jeopardy.
Our review of the record indicates that the aggravated assault was not reclassified due to the use of a firearm. Rather, the defendant was charged and convicted of aggravated assault pursuant to section 784.07(2)(c), Florida Statutes (1995), which specifically creates the distinct substantive offense of aggravated assault upon a law enforcement officer, a second-degree felony. See § 777.04(4)(d), Fla.Stat. (1995).
The other issues raised by the defendant being without merit, we affirm.
AFFIRMED.
PETERSON, C.J., and THOMPSON, J., concur.
NOTES
[1] §§ 784.07(2)C, 784.021(1)(a), and 775.0823(1), Fla.Stat. (1995).
[2] § 790.07, Fla.Stat. (1995).
[3] § 790.15, Fla.Stat. (1995).
[4] § 843.02, Fla.Stat. (1995).