PER CURIAM.
The issue in this case is whether one who is convicted of sexual battery under section 794.011(8)(b), Florida Statutes (1995):
794.011 Sexual battery.—
* * *
(8) Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who:
[[Image here]]
(b) Engages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (1)00 • • •
can also be convicted under section 800.04(3), Florida Statutes (1995):
800.04 Lewd, lascivious, or indecent assault or act upon or in presence of child.— A person who:
[[Image here]]
(3) Commits an act defined as sexual battery under s. 794.011(l)(h) upon any child under the age of 16 years; ...
* * *
without committing the crime of sexual battery, ...
for the same act.
The information charges in separate counts that Ralph R. Roberts, by “causing ' his penis to have union with or penetrate ... [the victim’s] vagina,” committed both a sexual battery and a lewd, lascivious or indecent assault upon the victim.[1] The jury convicted *960 appellant of both charges and Roberts appeals. To justify both convictions, appellee urges a Blockburger[2] analysis to determine if one charge is a lesser included offense of the other. To the contrary, these offenses are mutually exclusive. One simply cannot commit both. If one commits the acts defined as sexual battery under section 794.011(l)(h), then he may be convicted of the offense of sexual battery; if he commits the same acts but for some reason is not convicted of sexual battery, he may be convicted of the offense of lewd conduct. In State v. Hightower, 509 So.2d 1078, 1079 (Fla.1987), our supreme court explained it as follows:
The 1984 amendment to section 800.04 was passed to eliminate the anomalous interpretation that one could commit the conduct defined as sexual battery upon a person between the ages of twelve and sixteen and yet remain unpunished because of circumstances which would prevent conviction and the crime of sexual battery. Subsection (2) of section 800.04 as amended in 1984 utilized the sexual battery definition contained in section 794.011(l)(h). Therefore, it is evident that the phrase “without committing the crime of sexual battery” was included to differentiate between crimes of sexual battery and lewd and lascivious conduct. Had the phrase been excluded, a person having forcible sexual intercourse with a child under sixteen would be guilty of both crimes, As now worded, section 800.04 contemplates that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious. Thus, the unique language contained in the amendment to section 800.04 makes it clear that these particular crimes are mutually exclusive.
More to the point, perhaps, is footnote 4 to the Hightower opinion which reads:
If uncertain of the proof, the cautious prosecutor will probably charge sexual battery and lewd and lascivious conduct in separate counts, recognizing, however, that only one conviction can be obtained for the same conduct.
Id. at 1079.
Accordingly, appellant’s convictions for lewd and lascivious conduct are reversed.
REVERSED.
DAUKSCH, HARRIS and THOMPSON, JJ., concur.

. Similarly, the information charged and the jury determined that Roberts’ assault on the victim with his "mouth or tongue” also constituted both *960 sexual battery and lewd and lascivious conduct. The analysis is the same.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).