715 So.2d 302 (1998)
Ralph ROBERTS, Appellant/Cross Appellee,
v.
STATE of Florida, Appellee/Cross Appellant.
No. 97-1834.
District Court of Appeal of Florida, Fifth District.
July 17, 1998.
Rehearing Denied August 20, 1998.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant/Cross Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Appellee/Cross Appellant.
ANTOON, Judge.
Ralph Roberts (defendant) appeals the trial court's order denying his motion to correct improper sentences, and the state cross-appeals the trial court's order modifying defendant's sentences. In 1996, defendant was sentenced in two cases involving crimes committed in 1994. In case no. 95-799, defendant was sentenced to concurrent terms of 10 years' probation on count I, promoting a sexual performance by a child[1]; and on count IV, committing a lewd or lascivious act in the presence of a child[2]. In case no. 95-800, defendant was sentenced to concurrent terms of 15 years' imprisonment on count I, engaging in sexual battery with a child[3]; and on count II, committing a lewd or lascivious act in the presence of a child[4]. He also received concurrent terms of 10 years' probation on count III, engaging in sexual battery *303 with a child[5]; and on count IV, committing a lewd or lascivious act in the presence of a child[6].
Defendant directly appealed his judgments and sentences in case no. 95-800. Upon review, this court reversed the convictions on counts II and IV. See Roberts v. State, 687 So.2d 959 (Fla. 5th DCA 1997). Defendant did not directly appeal case no. 95-799.
Thereafter, defendant filed a rule 3.800 motion to modify or mitigate his sentences in case no. 95-800, requesting the trial court to "exercise its discretion ... and mitigate his sentence[s]" because the trial court had indicated it might have entered different sentences on counts I and III if defendant had not been convicted of counts II and IV.[7] During the hearing on his motion to modify, defendant orally moved to correct his sentences on counts I and III, arguing these convictions had been improperly scored on his sentencing guideline scoresheet. The trial court entered an order granting defendant's motion to modify and resentenced defendant to a shorter term of imprisonment. The court denied the motion to correct. Apparently, as a result of a clerical error, the trial court also entered orders modifying defendant's sentences in case no. 95-799. Defendant appeals the denial of his motion to correct his sentences in case no. 95-800, and the state cross-appeals the trial court's modification of his sentences in case nos. 95-799 and 95-800.

CASE NO. 95-799
As noted above, the trial court entered sentencing orders which modified defendant's sentences in case no. 95-799. The record indicates that these orders were entered sua sponte since defendant's motion to modify was directed only to case no. 95-800. Furthermore, the transcript of the hearing reveals the trial court and the parties all agreed the sentences imposed in case no. 95-799 were not at issue. Accordingly, the trial court lacked authority to modify the sentences, in case no. 95-799. As a result, we vacate the trial court's orders modifying the sentences in case no. 95-799, and direct the court to reinstate the sentences which were originally imposed. See Fla. R.Crim. P. 3.800; 3.850.

CASE NO. 95-800
In his motion to correct, defendant argued his convictions for engaging in sexual battery with a child should have been scored as level seven offenses. The trial court denied defendant's motion and scored his convictions for these crimes as level nine offenses. The defendant challenges this ruling.
Subsection 921.0013(3), Florida Statutes (1993), provides that a first-degree felony not listed in the offense severity ranking chart, section 921.0012, must be ranked as a level seven offense. Defendant's crimes of sexual battery, first-degree felonies pursuant to section 794.011(8)(b), Florida Statutes (1993), were not enumerated in section 921.0012, Florida Statutes (1993).[8] Therefore, these convictions should have been scored as level seven offenses, and the trial court erred when it denied defendant's motion to correct his sentencing guidelines scoresheet. See Gibson v. State, 691 So.2d 544, 545 (Fla. 2d DCA 1997).
On cross-appeal, the state argues the trial court lacked authority to resentence defendant in this case because this court did not remand this matter to the trial court for resentencing after defendant's direct appeal was rendered. See Roberts, 687 So.2d at 959. However, the trial court had jurisdiction to modify defendant's sentences pursuant to Florida Rule of Criminal Procedure 3.800.

*304 CONCLUSION

In summary, we vacate the modified sentences entered in case no. 95-799 and remand for reinstatement of the original sentences. We reverse defendant's sentences in case no. 95-800 and remand for resentencing after recalculation of defendant's scoresheet.
VACATED IN PART, REVERSED IN PART and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] § 827.071(3), Fla. Stat. (1993).
[2] § 800.04(4), Fla. Stat. (1993).
[3] § 794.011(8)(b), Fla. Stat. (1993).
[4] § 800.04(4), Fla. Stat. (1993).
[5] § 794.011(8)(b), Fla. Stat. (1993).
[6] § 800.04(4), Fla. Stat. (1993).
[7] See Fla. R.Crim. P. 3.800.
[8] The information filed in this case alleged defendant committed these crimes between May and June 1994. The 1994 supplement to section 921.0012, Florida Statutes was not effective until July 1, 1994. See Ch. 94-307, § 3-4, at 2150, Laws of Fla. Furthermore, section 794.011(8)(b), Florida Statutes was not specifically enumerated in the offense severity ranking chart until October 1, 1995. See Ch. 95-184, § 5, at 1679, 1692, Laws of Fla.