W. SHARP, J.
Hausen appeals from his judgment and sentences for battery and commission of a *328 lewd act on a child. Because the battery and the lewd act charges were based on the same conduct, we vacate the conviction for battery and remand for resentencing. We affirm the conviction for commission of a lewd act on a child.
Hausen was charged (count one) with burglary of a dwelling with an assault or battery in violation of section 810.02(2)(a), Florida Statutes, (count two) sexual battery in violation of section 794.011(5), (count three) lewd act on a child in violation of section 800.04(3) and (count four) kidnaping with intent to commit a felony in violation of section 787.01(l)(a)2. The victim was fourteen years old at the time.
In the fall of 1996, Hausen’s family and the victim’s family were both attending a church convention in the central Florida area. Both families were also staying at the same condominium. The victim met Hausen one evening and briefly spoke with him. The following afternoon, the victim stayed behind while her family left to go shopping. The victim claimed that Hausen came over to her condominium, abducted her and took her to his condominium where he sexually assaulted her. Hausen told police that he and the victim were talking at her condominium unit, and she agreed to go over to his place. At first, Hausen said that she agreed to have sex with him. Later, Hausen confessed that he had raped the victim.
The jury acquitted Hausen of the burglary and kidnaping charges. The jury found him guilty of the lesser included offense of battery (count two) and guilty of committing a lewd act (count three). Hausen was adjudicated guilty and sentenced to 84.1 months imprisonment.
On appeal, Hausen argues that his acquittal of sexual battery in count two rendered the verdict of guilty of a lewd act in count three “inconsistent” and thus the verdicts cannot stand. As a general rule, inconsistent verdicts are allowed because verdicts can be the result of leniency and therefore do not always speak to the guilt or innocence of the defendant. The only exception to the general rule involves “true inconsistent verdicts.” True inconsistent verdicts occur in legally interlocking charges in which an acquittal on one count negates a necessary element for conviction on another count. Fayson v. State, 698 So.2d 825 (Fla.1997); State v. Perez, 718 So.2d 912 (Fla. 5th DCA 1998); State v. Connelly, 716 So.2d 283 (Fla. 5th DCA 1998); McGee v. State, 687 So.2d 22 (Fla. 5th DCA 1996).
Here the charges of sexual battery and lewd act are not interlocking and, in fact, are mutually exclusive. The lewd and lascivious assault statute (section 800.04) uses the definition of sexual battery in section 794.011(l)(h) as one of the ways a defendant can commit a lewd and lascivious assault:
A person who: ... (3) commits an act defined as sexual battery under section 794.011(l)(h) upon any child under the age of 16 years ... without committing the crime of sexual battery, commits a felony of the second degree ... (emphasis added)
In State v. Hightower, 509 So.2d 1078 (Fla. 1987), the Florida Supreme Court explained that the phrase “without committing the crime of sexual battery” was included in section 800.04 to differentiate between crimes of sexual battery and lewd and lascivious conduct:
Had the phrase been excluded, a person having forcible sexual intercourse with a child under sixteen would be guilty of both crimes. As now worded, section 800.04 contemplates that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious. Thus, the unique language contained in the amendment to section 800.04 makes it clear that these particular crimes are mutually exclusive.
509 So.2d at 1079.
The court also noted that if uncertain of the proof, the cautious prosecutor will probably charge sexual battery and lewd and lascivious conduct in separate counts, recognizing that only one conviction can be obtained for the same conduct. 509 So.2d at 1079, n. 4. See also Roberts v. State, 687 So.2d 959 (Fla. 5th DCA 1997) (a defendant cannot be convicted of both sexual battery and lewd and lascivious conduct: “If one commits the act defined as sexual battery under section 794.011(l)(h), then he may be convicted of *329 the offense of sexual battery; if he commits the same act but for some reason is not convicted of sexual battery, he may be convicted of the offense of lewd conduct.”)
Here, the prosecutor charged Hausen with sexual battery (count two) and with committing a lewd act upon a child (count three). Both charges were based on the same act. Although charging Hausen with both sexual battery and commission of a lewd act was proper, dual convictions based on the same act violate the prohibition against double jeopardy. Fjord v. State, 634 So.2d 714 (Fla. 4th DCA 1994). Thus we vacate the conviction for battery as the lesser crime. See Fjord.
Hausen’s remaining arguments on appeal are without merit. Hausen’s confession and the testimony of the victim were clearly sufficient to support his conviction for commission of a lewd act. In addition, eighty points were properly scored for “penetration” for the conviction for commission of a lewd act. See § 921.0011(7)(b)l., Fla. Stat.[1]
AFFIRMED in part; REVERSED in part and REMANDED for Resentencing.
PETERSON and ANTOON, JJ., concur.

. Section 921.0011 (7)(b) provides as follows:
1. If the conviction is for an offense involving sexual contact that includes sexual penetration, the sexual penetration must be scored in accordance with the sentence points provided under s. 921.0014 [80 points] for sexual penetration, regardless of whether there is evidence of any physical injury.