791 So.2d 1208 (2001)
Jesus Modesto RIOS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3270.
District Court of Appeal of Florida, Fifth District.
August 17, 2001.
James B. Gibson, Public Defender, and Marvin F. Clegg and John M. Selden, Assistants Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
*1209 PLEUS, J.
Rios appeals his convictions for capital sexual battery and lewd and lascivious assault upon a child. We affirm his conviction for capital sexual battery. Because the lewd and lascivious assault arose out of the same act as the capital sexual battery, his conviction on this count violated double jeopardy and must be reversed.
Twenty year old Jesus Rios came to Florida with his family to visit relatives. While here, Rios allegedly took his six year old cousin, J.L.V., into a citrus grove behind the family home, pulled down his pants and anally penetrated him with something. The child did not tell anyone what happened until a week later, when his mother observed blood in his stool and confronted him. The child reluctantly told his mother that Rios had taken his pants off, bent him over and stuck something into his anus. The child was given a physical examination which could neither confirm nor refute the allegations. However, when the child's mother was describing to the nurse, through an interpreter, that Rios had put something into the child's back, the child interjected, "in my butt." In an interview with the sheriffs department, the child also disclosed that Rios had anally penetrated him.
Before trial, the state moved to admit the child's hearsay statements to his mother, the nurse and the sheriffs department. The trial court issued an order allowing admission of the statements and, at trial, the statements were heard by the jury. The state also called a sheriffs department investigator to testify about Rios' alleged confession. Rios' attorney asked for a conference outside the presence of the jury before the testimony commenced. During this hearing, Rios moved in limine to exclude the testimony of the witness, alleging that the state had failed to establish that the confession was voluntary. In response to questioning by the court, Rios' attorney admitted that he failed to file a pretrial motion to suppress the confession because he failed to see a confession in the deputy's deposition transcript.[1] The court denied Rios' motion and the deputy testified that Rios had confessed after being arrested.
The jury found Rios guilty as charged on both counts. The court adjudicated Rios guilty on both counts. He was sentenced to life without parole on the capital sexual battery count and ten years, concurrent, on the lewd and lascivious count. Rios timely appealed.
Rios first argues that the trial court erred in admitting the child hearsay statements. He concedes, however, that he failed to make contemporaneous objections to the trial court's findings. Accordingly, Rios failed to preserve this argument for appeal. State v. Townsend, 635 So.2d 949 (Fla.1994); Reynolds v. State, 660 So.2d 778, 780 (Fla. 4th DCA 1995); Jones v. State, 610 So.2d 105 (Fla. 3d DCA 1992).
Next, Rios claims the trial court abused its discretion in failing to conduct a hearing outside the presence of the jury to determine whether his confession was voluntary. This argument lacks merit. Florida Rule of Criminal Procedure 3.190(i)(2) provides:
Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion *1210 may entertain the motion or an appropriate objection at the trial.
The trial court correctly considered Rios' motion in limine as a motion to suppress his confession, which should have been made prior to trial.
In attempting to explain why he failed to file a pretrial motion to suppress, Rios' trial counsel stated:
No, sir, I did not, Your Honor, because I didn't seeI didn't see the specific wording in [the trooper's deposition] as far as a confession. I read the document about ten times and it just wasn't there, other than that he told him, after he read him Miranda rights, that he did it. And that's allthat's all that is said in here.
(Emphasis added). This response demonstrates that Rios had the opportunity to raise the motion and was aware, or should have been aware, that the state would seek to introduce this testimony. Additionally, the state explained to the trial court that it intended to lay a sufficient predicate regarding the confession's voluntariness, including that Rios was read his Miranda rights, appeared sober, and never requested an attorney or invoked his right to remain silent. After hearing these arguments, the court denied Rios' motion. Given Rios' failure to seek a pre-trial motion to suppress, we find the court did not abuse its discretion in denying the motion made during trial. Accordingly, we affirm Rios' conviction for capital sexual battery.
Finally, Rios argues that the trial court erred in adjudicating and sentencing him on count two because both the sexual battery and the lewd and lascivious count were based upon the same act, resulting in a violation of his Fifth Amendment right against double jeopardy. The state notes that Rios failed to object to this sentencing error and failed to file a motion to correct his sentence in violation of Maddox v. State, 760 So.2d 89 (Fla.2000).
Double jeopardy rights are fundamental and can be raised at any time. Holliday v. State, 781 So.2d 496 (Fla. 5th DCA 2001). It is well established that convictions for sexual battery and lewd and lascivious assault, arising from a single act, are prohibited by double jeopardy. State v. Hightower, 509 So.2d 1078 (Fla. 1987); Hausen v. State, 730 So.2d 327 (Fla. 5th DCA 1999); Skeens v. State, 733 So.2d 1094 (Fla. 2d DCA 1999).
In the instant case, the state charged Rios with capital sexual battery and lewd and lascivious assault upon a child based upon the same act. Specifically, Count I alleged that Rios committed a sexual battery by "inserting his penis into the child's anus." Count II alleged that Rios committed a lewd and lascivious assault upon a child by "anal penetration with his penis." These charges were based upon statements the child made to his mother, the examining nurse and the police, all of which indicated that the only act committed was that Rios penetrated the child's anus with something. In addition, the police detective testified that Rios admitted that he "put his private into his butt." Based on these facts, we find that the conviction for lewd and lascivious assault violated double jeopardy and must therefore be reversed.
AFFIRMED IN PART, REVERSED IN PART.
THOMPSON, C.J., and PETERSON, J., concur.
NOTES
[1] According to Rios' attorney, the transcript revealed that Rios told the deputy "after he read him Miranda rights, that he did it."