796 So.2d 607 (2001)
Donald Ray CHAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2726.
District Court of Appeal of Florida, Second District.
September 21, 2001.
PER CURIAM.
Donald Ray Chavis seeks review of the trial court's order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Chavis argues that the trial court erred in finding that he was not entitled to resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000). We agree and reverse.
In April 1998 Chavis pleaded guilty to sexual activity with a child in familial or custodial relationship under section 794.011(8)(b), Florida Statutes (1995). The underlying crime took place on February 1, 1997. The court sentenced Chavis to 109 months' incarceration using a 1995 sentencing guidelines scoresheet which reflected a sentencing range of 107.2 to 180 months' imprisonment. The offense was scored as a level nine offense pursuant to section 921.0012, Florida Statutes (1995).
In January 2001 Chavis filed a motion for postconviction relief pursuant to rule 3.800(a) alleging that he was entitled to resentencing under Heggs because his sentence would have been a departure under the 1994 sentencing guidelines, which ranged from 40.5 to 67.5 months. The trial court found that Chavis had standing to pursue the claim but denied relief because Chavis' sentence of 109 months would not have been a departure under the 1994 sentencing guidelines. The court found that Chavis' sentencing range under the 1994 sentencing guidelines would be 77.25 to 128.75 months. On appeal, Chavis argues that the trial court incorrectly calculated his sentence under the 1994 sentencing *608 guidelines by scoring the offense as a level nine offense. We agree and reverse.
Under section 921.0013(3), Florida Statutes (1993), a first-degree felony[1] not listed in the ranking chart must be ranked as a level seven offense. The crime of sexual activity with a child in familial or custodial relationship under section 794.011(8)(b) is not listed in the ranking chart. Thus, the first-degree felony would have been ranked as a level seven offense. Millien v. State, 766 So.2d 475, 477-78 (Fla. 4th DCA 2000), review denied, ___ So.2d ___, No. SC00-2049 (Fla. Apr. 3, 2001); Roberts v. State, 715 So.2d 302, 303 (Fla. 5th DCA 1998).
The trial court rejected Chavis' argument that his offense would have been scored as a level seven offense and found that the omission of section 794.011(8)(b) from the ranking chart in section 921.0013(3) was not intended by the legislature. The trial court noted that the ranking chart included section 794.041(2)(b), which had been repealed by chapter 93-156, section 4, Laws of Florida, and replaced with section 794.011(8)(b). However, that argument has been rejected by our sister courts. Millien, 766 So.2d at 477-78; Roberts, 715 So.2d at 303. Thus, the offense would have been scored as a level seven offense under the 1994 sentencing guidelines.
If Chavis' offense is scored as a level seven offense, his applicable sentencing range would be 40.5 to 67.5 months. Because his sentence of 109 months exceeds this range, Chavis is entitled to resentencing under Heggs. 759 So.2d at 627. Therefore, we reverse and remand for resentencing.
Reversed and remanded.
PARKER, A.C.J., and ALTENBERND and SALCINES, JJ., Concur.
NOTES
[1] The crime of sexual activity with a child in familial or custodial relationship is a first-degree felony under section 794.011(8)(b), Florida Statutes (1993).