PALMER, J.
The State appeals the final order entered by the trial court granting Cecil Daniels’(defendant) motion for post-conviction relief, setting aside his judgments and sentences, and placing the matter for retrial. We reverse.
The defendant was charged with committing the crimes of robbery and battery. The matter proceeded to trial. Upon review of the evidence presented, the jury returned a verdict finding the defendant guilty as charged (the evidence demonstrating that he took two shirts from Penney’s and that he pushed two security guards when they later confronted him on *1046 a bus). The trial court entered judgments in accordance with the jury’s verdict, and then sentenced the defendant to a term of 15 years imprisonment as a prison releasee reoffender on the robbery conviction, and to a term of time served on the battery conviction. On direct appeal, the Fifth District per curiam affirmed the defendant’s judgments and sentences. See Daniels v. State, 741 So.2d 508 (Fla. 5th DCA 1999).
Twenty-three months after his judgments and sentences were entered, the defendant filed a pro se motion seeking post-conviction relief pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. The trial court reviewed the motion and summarily denied some claims while granting an evidentiary hearing as to others. Of particular importance to the instant appeal, the trial court granted a hearing on the defendant’s claim that his trial counsel was ineffective for failing to request that the jury be instructed on the crime of resisting a merchant, a crime which constituted a permissive lesser included offense of the robbery charge.
At the hearing held on the post-trial motion, trial counsel’s testimony revealed that his failure to request that the jury be instructed on the crime of resisting a merchant was a trial strategy decision on his part, not the result of his ineffectiveness. Counsel specifically testified:
I didn’t believe that asking for the resisting a merchant charge was in [the defendant’s] best interest because I believe that it was going to conflict with what I was asking the jury to do which was to find him not guilty....
In granting the post-conviction motion, the trial court did not find, as claimed in the defendant’s motion, that trial counsel was ineffective for failing to request that the jury be instructed on the crime of resisting a merchant. Rather, the trial court ruled, sua sponte, that counsel’s representation fell below the objective standard of reasonableness because he failed to discuss the lesser included offense instructions with the defendant and failed to expressly waive the resisting a merchant instruction on the record.
Since a trial court can only properly grant post-conviction relief on a ground raised by the defendant, the trial court’s instant grant of relief based on a ground not set forth in the defendant’s motion was error. See Roberts v. State, 715 So.2d 302 (Fla. 5th DCA 1998).[1]
Even if the defendant’s motion had asserted that the ineffective assistance of counsel was based upon counsel’s failure to discuss the lesser included offense instruction with the defendant and his failure to get the defendant to expressly waive the instruction on the record, grant *1047 ing of the motion would have been improper. Florida law does not place a duty on trial counsel to obtain the defendant’s express record consent to counsel’s tactical decisions relating to trial strategy such as the decision to waive the right to request a jury instruction on a permissive lesser included offense. To that end, in Florida it “is a general rule that a client is bound by the acts of his attorney within the scope of the latter’s authority.” State ex rel. Gutierrez v. Baker, 276 So.2d 470 (Fla.1973). Accord Jones v. State, 484 So.2d 577 (Fla.1986). See also Traylor v. State, 596 So.2d 957 (Fla.1992)(Kogan, J. concurring in part, dissenting in part)(explaining that Florida law has long been settled that the acts of an attorney are imputed to the client so completely that the attorney legally is the alter ego of the client except in extreme circumstances such as outright fraud or a serious violation of professional ethics; in effect, the voice of the attorney is the voice of the client).
REVERSED.
COBB and SHARP, W., JJ., concur.

. In issuing its ruling the trial court relied upon the case of Hides v. State, 622 So.2d 14 (Fla. 5th DCA 1993) but such reliance was misplaced. In Hicks, the defendant filed a direct appeal challenging the trial court’s failure to give a necessarily included lesser offense instruction (the case did not involve a post-conviction claim of ineffective assistance of counsel nor the issue of waiving an instruction on a permissive legser included offense). The State maintained that the defendant’s claim of error had been waived for purposes of appellate review because defense counsel failed to object prior to the jury retiring to consider its verdict. This court recognized that while the right to receive an instruction on necessarily lesser included offenses cannot be waived in a capital case without the knowing and intelligent joinder by the defendant, such waiver could occur in a non-capital case. Thus, the decision in Hicks fails to support the trial court’s legal conclusion that defense counsel’s failure to obtain the defendant's consent before deciding not to request an instruction on the permissive lesser included offense of resisting a merchant constitutes ineffective assistance of counsel.