SILBERMAN, Judge.
Ronald Riley challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because there are errors on both Riley’s scoresheet and his judgment, we reverse. Riley was convicted of two counts of sexual activity with a child between the ages of twelve and eighteen in a familial or custodial relationship, under section 794.011(8)(b), Florida Statutes (1995). He was sentenced under the 1994 sentencing guidelines to 231.7 months in prison. In his motion, Riley cited to Chavis v. State, 796 So.2d 607 (Fla. 2d DCA 2001), and argued that the trial court incorrectly calculated his sentence by scoring his offenses as level nine offenses. We agree. Chavis held that, because section 794.011(8)(b) was not listed as a level nine offense in the 1994 ranking chart under section 921.0012, it must be scored as a level seven offense. Id. at 608. Under a corrected scoresheet, Riley’s applicable sentencing range would be 100.5 to 167.5 months. Because his sentence of 231.7 months exceeds this range, Riley is entitled to resentencing.
We also note that Riley’s judgment incorrectly cites to section 794.011(2)(B), rather than section 794.011(8)(b). We therefore reverse and remand for correction of this scrivener’s error and for resen-tencing with the two counts of sexual activity with a child between the ages of twelve and eighteen in a familial or custodial relationship scored as level seven offenses under the 1994 guidelines.
Reversed and remanded with instructions.
SALCINES and KELLY, JJ., Concur.