DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JOVON DIXON,**
Appellee.

No. 4D18-3694

[March 11, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case Nos. 03-10133CF10A and 14-2594CF10A.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellant.

Richard L. Rosenbaum of Law Offices of Richard Rosenbaum, Fort Lauderdale, for appellee.

DAMOORGIAN, J.

The State appeals a final order granting Jovon Dixon's ("Defendant") Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, finding counsel was ineffective and vacating Defendant's plea agreement. On appeal, the State argues that the trial court erred in granting postconviction relief on a ground not raised by Defendant in his rule 3.850 motion. Finding merit to the State's argument, we reverse.

In 2003, Defendant was charged with robbery. He pleaded guilty and was sentenced to a prison term followed by probation. In 2014, while still on probation, Defendant was charged with new law violations. While his new case was pending, Defendant underwent a competency evaluation and was found competent to proceed. The following year, defense counsel requested another evaluation, which the trial court granted. Defense counsel never presented the competency reports to the trial court or requested a hearing on Defendant's competency. Defendant then changed his plea to guilty on all counts and admitted to violating the terms and

conditions of his probation.  Defendant was sentenced on all pending cases.

Thereafter, Defendant filed a rule 3.850 motion for postconviction relief on six grounds.  The State conceded that Defendant was entitled to an evidentiary hearing on the second ground but argued that Defendant was not entitled to a hearing on the remaining five grounds.  The issue in ground two was whether counsel was ineffective in misadvising Defendant on the effect of a prison releasee reoffender ("PRR") sentence pursuant to section 775.082(9)(b), Florida Statutes (2015).  The trial court agreed with the State and conducted an evidentiary hearing on ground two and summarily denied the other grounds raised in Defendant's motion.

At the evidentiary hearing, after both sides presented their witnesses and argued the PRR issue, the trial court *sua sponte* brought up the competency issue during the following exchange:

> THE COURT: Do you a have any other witnesses?
>
> THE STATE: No, sir.
>
> THE COURT: Fine, thank you.  I do not need argument.  I do not need argument.  I will need some time to research this [the PRR issue].  I am – **although not with respect to the Motion or anything like that**, I am concerned about him taking a Plea where there is no Court Order when Competency was clearly ordered.  And Judge McCarthy ordered the evaluation, that is what I should say.  I don't even know whether it came back, although [defense counsel] says that it did come back.  I know that if it did come back, that the Court would have gotten a copy of it, and I know that because I get those every day, and there is no – I know that the Evaluation does not get into Odyssey, but there is no Court Order . . . So as I stated, I am concerned about that . . . And then I have to make a decision with respect to the testimony that we heard today, as to the PRR; **but the Court on its own is going to take a look at the Competency situation.**

(emphasis added).

At the conclusion of the evidentiary hearing, the trial court found that Defendant's counsel was ineffective for (1) failing to submit the competency reports to the trial court; and (2) failing to request a competency

determination. It did not find that counsel was ineffective for misadvising Defendant on the effect of a PRR sentence. This appeal follows.

The State argues the trial court erred in granting postconviction relief on a ground not raised by Defendant and not allowing it an opportunity to respond to the competency issue. In the alternative, the State argues that had the claim been properly raised, the claim would have failed because there was insufficient evidence to "establish '*at least*' a reasonable probability that [Defendant] would have been found incompetent." *Thompson v. State*, 88 So. 3d 312, 318 (Fla. 4th DCA 2012). We agree.

A trial court can only properly grant postconviction relief on a ground raised by the defendant. *State v. Daniels*, 826 So. 2d 1045, 1046 (Fla. 5th DCA 2002) (citing *Roberts v. State*, 715 So. 2d 302, 303 (Fla. 5th DCA 1998)); *see also Greenlee v. State*, 832 So. 2d 900, 900 (Fla. 3d DCA 2002) (holding defendant could not raise on appeal of order denying motion for postconviction relief an argument that was not raised in his motion for postconviction relief). The Fifth District's opinion in *Daniels* is instructive.

> In granting the post-conviction motion, the trial court did not find, as claimed in the defendant's motion, that trial counsel was ineffective for failing to request that the jury be instructed on the crime of resisting a merchant. Rather, the trial court ruled, *sua sponte*, that counsel's representative fell below the objective standard of reasonableness because he failed to discuss the lesser included offense instructions with the defendant and failed to expressly waive the resisting a merchant instruction on the record.

> Since a trial court can only properly grant post-conviction relief on a ground raised by the defendant, the trial court's instant grant of relief based on a ground not set forth in the defendant's motion was error.

*Daniels*, 826 So. 2d at 1046 (citing *Roberts*, 715 So. 2d at 303).

In ground two of Defendant's postconviction motion, he makes a statement that he was "never given a hearing to access [sic] his competence, nor did counsel take the initiative to ask for one." Additionally, Defendant attached a copy of the second competency report to his postconviction motion. Beyond this oblique statement and the attachment, Defendant's postconviction motion never mentioned his competency as an issue nor sought any relief based on incompetency. We reject Defendant's argument, raised for the first time on appeal, that his

3

postconviction motion properly raised the competency issue for the trial court's consideration. We need look no further than the trial court's own statement which acknowledged that neither the motion nor the parties raised Defendant's competency as a ground for postconviction relief.

In the alternative, the State argues that even if Defendant's postconviction motion had properly pleaded that counsel was ineffective for failing to obtain a ruling on Defendant's competency, granting the motion on that ground would still be error. We agree.

"[A] postconviction movant claiming ineffective assistance of counsel for failure to investigate or request a competency determination must establish '*at least*' a reasonable probability that he or she would have been found incompetent." *Thompson,* 88 So. 3d at 318. In *Thompson,* we explained how a defendant can succeed on such a claim under *Strickland v. Washington,* 466 U.S. 668 (1984).

> To satisfy the deficiency prong based on counsel's handling of a competency issue, the postconviction movant must allege specific facts showing that a reasonably competent attorney would have questioned competence to proceed. The standard for competency to proceed is set out in *Dusky v. United States,* 362 U.S. 402, 80 S. Ct 788, 4 L. Ed. 2d 824 (1960), and codified in Florida Rule of Criminal Procedure 3.211. The question is "whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings." Fla. R. Crim. P. 3.211(a)(1). Conclusory allegations of incompetency are not enough to warrant an evidentiary hearing. *See Atwater v. State,* 788 So. 2d 223, 229 (Fla. 2011). "[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Card v. Singletary,* 981 F.2d 481, 487–88 (11th Cir. 1992). "[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental competence to stand trial." *Medina,* 59 F.2d at 1107.

> The prejudice standard that applies to a typical claim of ineffective assistance of counsel, whether a reasonable probability exists that the outcome of the proceeding would differ, is ill-suited to a claim of alleged incompetency. . . . The

4

> focus of the prejudice inquiry is on actual prejudice, whether, because of counsel's deficient performance, the defendant's substantive due process right not to be tried while incompetent was violated. In order to establish prejudice . . . the postconviction movant must, as with a substantive incompetency claim, set forth clear and convicting circumstances that create a real, substantive and legitimate doubt as to the movant's competency.

*Id.* at 319 (alternations in original).

The record reflects that defense counsel moved for a competency evaluation in 2014 after being advised by Defendant's parents that Defendant had "mental problems" and had been on psychotropic medicine. The report generated from the evaluation found Defendant was competent to stand trial.

Defense counsel moved for a second competency evaluation in 2015 after Defendant stated he did not "understand things" during a meeting between the two in jail. Like the first report, the report generated from this evaluation did not state Defendant was incompetent to proceed. Instead, the report described Defendant as guarded and irritable, but not suffering from mental health issues. Moreover, the report indicated Defendant suffered from drug use and depression, and that malingering could not be ruled out.

At the evidentiary hearing, defense counsel testified that nothing made him believe Defendant was incompetent to proceed. He explained he strategically did not present the second report to the trial court because he did not want to reveal that Defendant might be malingering.

On the record before us, Defendant did not satisfy the prejudice prong under *Thompson* because there were not "clear and convincing circumstances that create[d] a real, substantive and legitimate doubt as to the movant's competency. . . . [A]ppellant's history of drug abuse, depression, and aggressive, rebellious behavior do not raise a valid question as to his competency to stand trial." *Thompson*, 88 So. 3d at 319, 321; *see also Bush v. Wainwright*, 505 So. 2d 409, 411 (Fla. 1987) ("The numerous psychological problems now pointed out, such as learning disabilities, a passive and dependent personality, and possible 'diffuse organic brain damage' do not, when taken together, sufficiently raise a valid question as to [the movant's] competency to stand trial.").

Here, the trial court found counsel should have requested a competency hearing based on the second report that showed Defendant was guarded and irritable, but not suffering from mental health issues. The trial court did not find that Defendant set forth clear and convincing circumstances that created a real, substantive, and legitimate doubt as to his competency and, thus, suffered a violation of his substantive due process rights. *See Thompson*, 88 So. 3d at 319. Under this correct standard, the record does not establish that Defendant was prejudiced by counsel's failure to present the competency reports to the trial court and request a hearing on Defendant's competency.

*Reversed with instructions to rule on the claim that was the subject of the evidentiary hearing.*

LEVINE, C.J., and GROSS, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6